McEarland, J.,
delivered the opinion of the court.
This was an action commenced before a justice of the peace by McClain to recover from Elam $200, the price of a jack which be alleges be sold him.
The plaintiff’s version of the transaction as deposed to by himself is, in substance, that in March, 1871, Elam agreed to take the jack, which was then lame, and if be got well, to pay $200 for him, and if be did not get well, to return him in the fall in good fix; that about May, Elam informed him that the jack bad got well, and that lie would keep him at the price, and to come over and be would give bis not©; that be did go over, but the matter was postponed, and the note was never given. The plaintiff introduced a number of witnesses by whom be proved declarations and statements of Elam to the effect that be bad bought the jack from McClain for $200; that the jack bad gotten well, and that be was bis property, etc.
The defendant’s version of the transaction is, that be did not buy the jack at all, but took him with an agreement that be would keep him during the summer and breed bis mares to him, and if be got w.ell be would buy *536 Mm, but that the jack never got well, and he never agreed to take him at any price; that when the plaintiff came to see about the jack, propositions were made for a trade, he offering plaintiff $100, and' the plaintiff agreeing to take $200, but the matter was postponed, and nothing further agreed upon.
Soon after the jack became sick, and he sent for plaintiff to come and take charge of him, and he did so, and attempted to have him removed to his own home, and on his way the jack died.
In this attitude of the case the defendant offered to prove by a witness that while he (defendant) had possession of the jack, he disclaimed any title to him, but said he belonged to the plaintiff. This testimony, upon the plaintiff’s •objection, was excluded, and the judgment being against the defendant, he has appealed.
According to the view of both parties the contract was not absolute in the first instance, and for a time at least Elam held the jack not for himself, but for McClain. The question was, whether the sale afterwards became absolute by Elam agreeing that the jack had gotten well, and consenting to keep him at the price agreed upon. Elam’s declarations to this effect were competent evidence to be proven against him, and in general a party cannot prove his own declarations as evidence in his own favor; but there was conflict, as to whether Elam had ever agreed that the sale had become absolute.
Upon this question the character of his possession was important. If he was holding and claiming the jack as his own, and adversely to McClain, tliis would be important evidence to show that from the time such adverse holding commenced he had agreed that the sale was absolute. This evidence was in substance made and relied upon by the plaintiff. To rebut this, the defendant proposed to show that his possession was not adverse or for himself, but for the plaintiff. This evidence was admissible, and *537 whenever the question as to the possession of property is involved, the declarations of the party, accompanying the possession and explanatory thereof, are admissible to show the character of the possession. Such statements are not to be taken as evidence of anything more than the nature of the possession. See Wheaton v. Weld, 9 Hum., 773.
It is argued that if this was error, the defendant made the same proof in his testimony, and therefore had the benefit of it.
But we cannot say how much additional weight might have been given by the jury to proof upon the same subject by other witnesses in a case of conflict.
Eeverse the judgment, and grant a new trial.